**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MONTRELL HOLMES,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.: 3:09-cv-47-DRH-DGW** |
| **vs.** | ) | |
| | ) | |
| **DR. OBADINA, GARY GERST, DANIEL** | ) | |
| **VAREL,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**REPORT AND RECOMMENDATIONS**

WILKERSON, United States Magistrate Judge,

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by Chief United States District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the issue of whether Plaintiff exhausted his administrative remedies with the Illinois Department of Corrections prior to filing this lawsuit.  It is **RECOMMENDED** that the Court **FIND** that Plaintiff did exhaust his administrative remedies as to Defendants Obadina, Gerst, and Varel prior to filing suit.

**FINDINGS OF FACT**

Plaintiff Montrell Holmes filed his complaint in the matter on January 14, 2009, alleging deliberate indifference to his serious medical needs by officials at the Pinckneyville Correctional Center (Doc. 1).  Plaintiff alleged that Defendants failed to provide him with adequate medical treatment for pain and an infection in his arm, which later required surgery.

On threshold review, the Court dismissed seven defendants but allowed Plaintiff to proceed against Defendants Obadina, Gerst, and an unnamed physical therapist (Doc. 12).  With the assistance of court-appointed counsel, Plaintiff filed an amended complaint on December 14, 2009, naming Daniel Varel as the unidentified physical therapist from the original complaint (Doc. 37).  In answering the amended complaint, Defendants Obadina, Gerst, and Varel raised the affirmative defense that Plaintiff failed to exhaust his administrative remedies prior to filing suit (Docs. 47 and 55).

***Pavey Hearing***

In light of the Seventh Circuit's opinion in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the undersigned held a hearing in the matter on July 14, 2010, to determine whether Plaintiff had properly exhausted his administrative remedies.

At the hearing, Defendants Obadina and Gerst withdrew the affirmative defense, stating they no longer contested exhaustion (Doc. 74, p. 6).  The hearing proceeded as to Defendant Varel.  Defendant Varel entered into the record a grievance (R2D25) filed by Plaintiff on November 5, 2008.  Plaintiff wrote:

> On or about December 6, 2007, I had occasion to suffer an injury to my right arm and elbow of unknown origin.  Since then I was subsequently transported to the outside Hospital whereupon I was given a major surgery and then ordered to have therapy.
>
> Just recently, however the therapist at this facility has terminated my therapy despite the clearly established fact that I have been made to live in continualed [sic], constant and chronic pain and disability in my right arm and elbow area.
>
> It is my contention that the therapist has acted in reckless disregard for my medical condition and medical needs.

(Doc. 69-1, Exh. B, p. 3.)  Counselor Linda Fritts (not a defendant) received the grievance on November 7, 2008.  On November 17, 2008, she responded: "Per DON Beckman's memo dated

11/13/08 after reviewing offender's medical file treatment protocol was followed.  Offender has no order for physical therapy and treatment plan is appropriate for diagnosis.  Follow up with nurse sick call if problem persists."

Defendant Varel also submitted the affidavit of Chalene Whitley, office associate at the Pinckneyville Correctional Center.   Ms. Whitley averred that Plaintiff filed Grievance R2D25 on November 5, 2008, but asserted that no additional reference to this grievance appeared in Plaintiff's institutional file.  She specifically averred that the file did not contain an institutional grievance, a response by a grievance officer, a decision from the Chief Administrative Officer, nor a decision by the Administrative Review Board ("ARB") on appeal (Doc. 69-1, ¶ 3).  Based on the grievance and affidavit of Chalene Whitley, Defendant Varel argued that Plaintiff did not exhaust administrative remedies against him because Plaintiff did not fully exhaust grievance R2D25  and because Plaintiff did not identify Defendant Varel by name (Doc. 69; Doc. 74 pp. 7-9).

Plaintiff argued, on the contrary, that he did exhaust his administrative remedies against Defendant Varel by filing an institutional grievance, which a grievance officer reviewed, and filing an appeal to the ARB.  Plaintiff entered into evidence copies of both an institutional grievance and subsequent decision from the ARB.  The institutional grievance (12-5208), was received on December 13, 2008, and reviewed by Grievance Officer B. Heck on January 3, 2009. It reads:

> **Facts Reviewed**:  Grievant states on 12/6/07, he suffered an injury to his right arm and elbow, was transported to an outside hospital, was given major surgery and ordered therapy.  Grievant states the therapist terminated treatment.
>
> **Relief Requested:**  Grievant requests physical therapy and the physical therapist be reprimanded.

> Records reflect that Counselor Fritts was informed by DON Beckman in writing that treatment protocol was followed and there was no order for physical therapy, but to follow up with Nurse Sick Call if problem persists.

> **Recommendation:**  Staff discipline is an administrative decision.  It is this writer's finding that medical staff is following established procedure. Recommend grievance be denied.

(Plaintiff's Hrg. Exh. 1).  The Chief Administrative Officer concurred with the findings on Jaunary 14, 2009.  Plaintiff appealed the denial of the grievance on January 20, 2009.  On February 6, 2009, the ARB denied the grievance (Plaintiff's Hrg. Exh. 2).

Based on these exhibits, Plaintiff argued that the grievance officer's response and the ARB denial were written in response to grievance R2D25.  Thus, he argued that he did exhaust his administrative remedies against the physical therapist, Defendant Varel, by appealing the denial of his grievance through to the ARB (Doc. 74, pp. 13-15).

### CONCLUSIONS OF LAW

The Prison Litigation Reform Act ("PLRA") provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).  *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that §1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983).  Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).  The Illinois Administrative Code sets out the procedure for the filing of grievances by inmates.  An inmate must first attempt to resolve the complaint informally.  If the complaint is not resolved,

the inmate may file a grievance within 60 days after the discovery of the incident, occurrence, or problem that gives rise to the grievance. ILL. ADMIN. CODE tit. 20, § 504.810 (2003).   The grievance officer is required to advise the Chief Administrative Officer ("CAO") at the facility in writing of the findings on the grievance.  The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. ILL. ADMIN. CODE tit. 20, § 504.830 (2003). An inmate may appeal the decision of the CAO in writing within 30 days. ILL. ADMIN. CODE tit. 20, § 504.850 (2003).  *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006).

The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 84 (2006).  This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)).  In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

Under Illinois regulations, a grievance must contain "factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." The Code goes on to state, however, that "this provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible." ILL. ADMIN. CODE tit. 20, § 504.810(b) (2003). The Supreme Court has held that exhaustion is not inadequate under the PLRA merely because "an individual later sued was not named in the grievances."  *Jones v. Bock*, 549 U.S. 199, 219

(2007).   The Court emphasized that the level of detail necessary in a grievance for adequate exhaustion should be determined by prison regulations, but that the PLRA does not impose a specific requirement regarding who must be named in a grievance for proper exhaustion. *Id.* at 218-19.   The Court opined that notice to an individual that he might be sued "has not been thought to be one of the leading purposes of the exhaustion requirement," and cited the Fifth Circuit's statement that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued. *Id.* (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)).

The undersigned believes that the exhibits submitted by Plaintiff at the hearing (institutional grievance 12-5208 and subsequent ARB denial) were written in response to Plaintiff's grievance R2D25.   Although the Grievance Officer's Report refers to grievance number 12-5208, the report follows, claim by claim, the narrative Plaintiff outlined in grievance R2D25.   Furthermore, the dates correspond.   Counselor Linda Fritts responded to the grievance on November 17, 2008.   The Grievance Officer received the grievance on December 13, 2008.   The ARB did not return the grievance as untimely and responded to it on the merits.   In other words, the claim was timely reviewed at each level of the grievance process.

Thus, the undersigned recommends that Plaintiff did fully exhaust his grievance against the physical therapist by filing a grievance with his counselor, filing a formal grievance with the grievance officer, and appealing the denial of the grievance to the ARB within the time limitation required by the Illinois Code.   Although Plaintiff did not identify Defendant Varel by name in the grievance, he did identify him as "the therapist at this facility."   Based upon the Illinois Code provision that states an inmate does not have to name individuals as long as the inmate includes as much descriptive information about the individual as possible, the undersigned finds that

Plaintiff's grievance sufficiently identifies Defendant Varel, the physical therapist at Pinckneyville, to have exhausted administrative remedies against him.

CONCLUSION

Based on all the foregoing, it is hereby **RECOMMENDED** that the Court **FIND** that Plaintiff exhausted his administrative remedies as to Defendant Obadina, Gerst, and Varel.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1, the parties shall have fourteen (14) days after the service of this Recommendation to file written objections thereto. The failure to file a timely objection may result in the waiver of the right to challenge these Recommendations before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED:  December 8, 2010**

s/*Donald G. Wilkerson*
**DONALD G. WILKERSON**
**United States Magistrate Judge**